UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD A. HARNEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action |
| v. ) | |
| ) | No. 10-11181-RWZ |
| SONY PICTURES TELEVISION, INC., ET AL. ) | |
| ) | |
| Defendants ) | |

**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)**

Pursuant to Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff, Donald Harney and Defendants, Sony Pictures Television Inc. and A&E Television Networks, LLC, hereby submit this Joint Statement in connection with the Scheduling Conference to be held on September 21, 2010:

1. The Parties Agreed Upon Discovery Steps

No later than September 30, 2010, all parties shall serve their initial disclosures pursuant to Rule 26(a)(1).

2. Plaintiff's Discovery Plan

a. All written discovery shall be concluded on or before December 10, 2010.

b. All non-expert depositions shall be concluded on or before January 31, 2011.

  c. The Plaintiff shall by March 1, 2011, designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert.  The Defendant shall by April 1, 2011, disclose the information described in Fed. R. Civ. P. 26(a)(2).  All expert discovery will conclude by no later than May 31, 2011.

  d. The parties will engage in alternative dispute resolution during February 2011.

  e. Dispositive motions shall be filed on or before June 30, 2011.

  3. <u>Defendants' Discovery Plan</u>

The discovery goals of Local Rule 16.1(D)(1)(a) and (b) are best accomplished in this case by Defendants filing a dispositive summary judgment motion, which they plan to do on or before Friday, September 17, 2010, in advance of the September 21, 2010 conference.

The allegations of infringement in this litigation can be decided on the existing record, by comparing Plaintiff's photograph to scenes objected to in the motion picture *Who Is Clark Rockefeller?* and applying copyright precedent, including from this District and the First Circuit.

In the event that, after reviewing the motion, Plaintiff believes he is not in a position to oppose summary judgment, he can specify the particular discovery necessary to do so in a Rule 56(f) motion.  After full briefing, this Court can then decide the extent to which it does or does not agree that any discovery is needed.  That will result in phased, appropriately limited discovery and an early and efficient resolution of this matter.

4. <u>Certification</u>

The certifications required by Local Rule 16.1(D)(3) will be filed on or before September 30, 2010.

5. <u>Trial by Magistrate Judge</u>

The parties do not consent to a trial by a Magistrate Judge at this time.

6. <u>Settlement</u>

   A. <u>Plaintiff's Position</u>

Pursuant to Local Rule 16.1(C), the Plaintiff is seeking damages for copyright infringement for the unauthorized use and infringement of a copyrighted photograph. Plaintiff is seeking his actual damages plus any profits earned by the Defendant from the unauthorized use and infringement of Plaintiff's photograph. In lieu of actual and profit damages, Plaintiff is seeking statutory damages under Section 504(c) of the Copyright Act. Until Plaintiff is able to complete discovery in this action, he will be unable to quantify the amount of actual and profit damages that exist. Notwithstanding, it is likely that he will be seeking statutory damages of up to $150,000 in lieu of actual and profit damages. Plaintiff will make a settlement proposal to the Defendant as soon as Plaintiff is able to determine the extent of his damages through discovery.

   B. <u>Defendants' Position</u>

To the extent Plaintiff's position constitutes his Local Rule 16.1(C) settlement offer, there is little likelihood of settlement. As Defendants' motion for summary judgment will explain in detail, there can be no liability here. In addition, there are no actual damages and no profits attributable to the use of Plaintiff's photograph. When

Plaintiff actually makes a specific proposal, Defendants will be able to respond more completely.

Dated: September 14, 2010

| | |
|---|---|
| Donald A. Harney<br>By his Attorney, | Sony Pictures Television Inc. and<br>A&E Television Networks, LLC<br>By Their Attorneys, |
| /s/ *Andrew D. Epstein*<br>_____<br>Andrew D. Epstein, Esquire<br>(BBO No. 155140)<br>Barker, Epstein & Loscocco<br>10 Winthrop Square<br>Boston, MA 02110<br>(617) 482-4900<br>photolaw@aol.com | /s/ *Bruce P. Keller*<br>_____<br>Bruce P. Keller, Esquire<br>(BBO No. 264980)<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022<br>(212) 909-6000<br>bpkeller@debevoise.com |

## CERTIFICATE OF SERVICE

I, Bruce P. Keller, member of the firm Debevoise & Plimpton LLP, hereby certify that on September 14, 2010, I caused a true and correct copy of the foregoing Joint Statement Of The Parties Pursuant To Local Rule 16.1(D) to be served electronically upon Andrew D. Epstein, Esq., attorney for Donald A. Harney, via the Court's ECF system at the following email address:

>Andrew D. Epstein, Esq.
>Barker, Epstein & Loscocco
>10 Winthrop Square
>Boston, MA  02110
>Photolaw@aol.com

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2010.

>  /s/ Bruce P. Keller
> Bruce P. Keller