UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.10-11181-RWZ

DONALD A. HARNEY

v.

SONY PICTURES TELEVISION, INC. and
A&E TELEVISION NETWORKS, LLC

ORDER

May 12, 2011

ZOBEL, D.J.

Plaintiff Donald A. Harney sues defendants Sony Pictures Television, Inc., and A&E Television Networks, LLC for copyright infringement in violation of 17 U.S.C. § 501. He alleges that certain images in a Sony made-for-television movie violate his exclusive rights in his copyrighted photograph of Clark and daughter Reigh Rockefeller. Defendants move for summary judgment.

I.    **Background**

Harney is a professional photographer based in Boston and a former freelance contributor to the Beacon Hill Times, a neighborhood newspaper. In March 2007, the paper asked him to take pictures of people in the Beacon Hill neighborhood for use in the paper. On April 1, 2007, Palm Sunday, he spotted a father and young daughter leaving a Beacon Hill church. He learned that they were Clark and Reigh Rockefeller and asked for their consent to a photograph. They agreed. He did not pose or stage

the scene, and took the photograph simply to feature "caricatures of the Beacon Hill elite" for the paper.

Harney selected the lens, camera settings, flash lighting, and camera angle so that the church would be present and in-focus in the background and later edited the photograph on his computer. (See Harney Aff. ¶ 4, Docket # 18 Ex. 1.) Reigh sits on Clark's shoulders, holding a palm leaf. He holds a program from the church service. They are centered in the frame, visible from the middle of his chest upward, and close to the camera. A tree and the church steeple loom above, and shadows streak across the frame. Harney submitted his finished work (the "Harney Photograph") (Docket # 21) to the Beacon Hill Times and it appeared on the front page of the paper in April 2007, with the caption "Parishioners Clark and Reigh 'Snooks' Rockefeller of Pinckney Street celebrated Palm Sunday at the Church of the Advent on March 31." He registered the photograph with the United States Copyright Office. (Certificate of Registration, Docket # 1 Ex. 1.)

Later in 2007 Rockefeller absconded with his daughter following an acrimonious divorce. Either the Boston Police or the FBI found the Harney Photograph and placed it on a wanted poster. The manhunt was the subject of significant news coverage, some of which included the photo. He was eventually captured and Reigh rescued, and Police learned he was a German national named Christian Gerhartsreiter living under an assumed identity.

Sony produced a made-for-television movie, "Who is Clark Rockefeller?", which retells the Rockefeller story including the abduction of Reigh. The movie aired on the

A&E Television Network.  Two images (the "Sony Images") (Docket # 21) of the actors who played the Rockefellers clothed and posed in a manner similar, but not identical, to that of their real-life subjects in the Harney Photograph are visible during the film and in one promotional commercial.  They do not hold a palm leaf or church program, they are set against a backdrop of densely-leaved tree branches, and the scene is uniformly lit.  The Sony Images appear in an FBI wanted poster, a law enforcement briefing room, and a news broadcast totaling 42 seconds of screen time in the film and less than one second in the commercial.  Harney alleges that the Sony Images infringe his copyrighted photograph.

**II.    Analysis**

To establish infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)).  There is no dispute that Harney holds a valid copyright on his photo.  Proof of the second element, wrongful copying, is a two-step process.  Johnson, 409 F.3d at 18.  Harney must show that defendants copied his copyrighted material and that the copying is extensive enough to render the original and infringing works "substantially similar."  Id.

The determination whether copying has occurred requires a "dissection of the copyrighted work by separating its original, protected expressive elements from those aspects that are not copyrightable because they represent unprotected ideas or unoriginal expressions."  Id. at 19; see Harper & Row Publishers, Inc. v. Nation Enters.,

471 U.S. 539, 556 (1985) (holding "no author may copyright his ideas or the facts he narrates."). A finding of substantial similarity must flow from those original, copyrightable, expressive elements. <u>Johnson</u>, 409 F.3d at 19; <u>Yankee Candle Co. v. Bridgewater Candle Co.</u>, 259 F.3d 25, 33-34 (1st Cir. 2001).

Harney captured a moment in time of a father and daughter passing through Beacon Hill. The Rockefellers were not models. Harney did not select their clothes, give them a church program and palm leaf as props, or ask them to pose. Those aspects of the Rockefellers' appearance are factual realities that exist independently of any photo. They are not Harney's original expression, and they are not copyrightable elements of his photograph.

There is, however, significant creative input in the photograph. The combination of the Rockefellers in the foreground, holding the church program and palm leaf, and the church in the background evokes the essence of Beacon Hill on Palm Sunday. The lighting in the photograph highlights the church and the young daughter and displays the long shadows of early spring.

When the Harney Photograph and the Sony Images are compared, they share the factual content but not Harney's expressive elements. The clothing and pose are similar, but the Sony Image does not include the palm leaf held aloft by Reigh. The backdrop and lighting are different; in particular, the Sony Image eliminates the church. The only shared element for which Harney can claim responsibility is the position of the individuals relative to the boundaries of the photo, although in the original Clark Rockefeller's face is closer to the camera and less of his body is visible.

This limited sharing is not enough to establish substantial similarity and copyright infringement.  The message conveyed by the Sony Images is the factual information about the Rockefellers' appearance.  There is nothing suggestive of Beacon Hill or a religious context.  The positioning of the Rockefellers in the middle of the frame, visible from mid-chest upward, is an element of minimal originality and an insufficient basis,
without more, to find substantial similarity.  See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1215-16 (11th Cir. 2000) (reviewing a summary judgment finding that a film sequence and still images do not infringe a photograph of a statue, and affirming as to the film where the statue appears with different backgrounds, lighting, and camera angles, but reversing as to the still images which share distinctive and expressively significant elements including a low-down camera angle, hanging Spanish moss bordering the top of the images, a brightly lit statue and dark background, and a monochromatic color palette).

### III.   Conclusion

Defendants' motion for summary judgment (Docket # 12) is ALLOWED.  Judgment may be entered for defendants.

|  May 12, 2011  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |